W. H. NELSON, Appellant, v. ILLINOIS CENTRAL RAILROAD COMPANY, Appellee.

**MASTER AND SERVANT:** Federal Employers' Liability Act— Action for Services of Minor. The Federal Employers' Liability Act (35 Stat. at Large, 65) does not deprive a parent of the right to maintain an action to recover for loss of services during minority of a minor son injured while employed in interstate commerce.

*Appeal from Black Hawk District Court.*—C. W. MULLAN, Judge.

THURSDAY, DECEMBER 16, 1915.

THIS was an action brought by the plaintiff to recover of the defendant damages for an injury to his minor son, sustained while said son was in the employ of the defendant as brakeman on an interstate train. It is conceded that the son and defendant were engaged in interstate commerce at the time. There was a demurrer to the petition on the ground that it stated no cause of action, because the Federal Employers' Liability Act contains no provision for the recovery sought in plaintiff's petition and the remedy provided in said act for the recovery by the injured employee was

exclusive, and the only damages recoverable were by the injured employee himself. The demurrer was sustained and, plaintiff electing to stand upon his petition, judgment was rendered against plaintiff. The plaintiff appeals.—*Reversed.*

*V. Leon Belt* and *Mears & Lovejoy,* for appellant.

*G. W. Dawson* and *Helsell & Helsell,* for appellee.

PRESTON, J.—The petition alleged, as a ground of recovery, that plaintiff's son, Lu Verne D. Nelson, a minor, was employed by the defendant railway as a brakeman; that, on or about the 6th day of January, 1912, and while plaintiff's son and defendant were engaged in interstate commerce, an injury was sustained by the said minor, due to the negligence of the defendant, which incapacitated the said minor during the entire remaining period of his minority; that both said minor and plaintiff were free from contributory negligence; also that plaintiff was entitled to the services and earnings of his minor son up to the time of his majority, and that, because he was deprived thereof by the negligence of the defendant, he is entitled to judgment.

MASTER AND SERVANT: Federal Employers' Act: action for services of minor.

There is but one question for determination in the case, and that is whether Congress, by the enactment of the Federal Employers' Liability Act, takes away from the father the right to recover for injuries to his minor son. The trial court held that the remedy provided in said act was exclusive and that there could be no recovery as a consequence of an injury to an employee, except such recovery as was provided for in the act itself. Plaintiff contends that, while the act is exclusive as to the matters falling within its scope, yet it does not deprive one who is not an employee from recovery for such damages as may be sustained by reason of the negligent injury to the employee while engaged in interstate commerce. He concedes that, as to injuries or death to such employee, while engaged in interstate commerce, the act in question

supersedes all other remedies and rights of action so far as the employee is concerned, but contends that any claim that Congress, by implication, intended to cut off the right of the father to recover his own damages caused by injury to his minor son is untenable and beyond the scope of the legislation.    He contends, also, that the present action was not brought under the Federal Employers' Liability Act, and its provisions were invoked by the defendant in a suit brought, not by an injured employee, nor by a personal representative of a deceased employee, but by the father of the minor, claiming that the negligence of the railroad company had deprived him of the services of his son during minority.

The holding of the trial court was that there could be no recovery under the state law or under the common law, as against a railroad engaged in interstate commerce, for the value of a minor's services during his minority, if the minor was also engaged in interstate commerce.    The effect of the decision would be that, if an employee twelve or fifteen years old should be in the employ of an interstate railroad, and while so engaged should be permanently injured and wholly incapacitated for the remainder of his life, the railroad company would be exempt from liability, so far as loss of services was concerned, for a period of several years, and until the boy reached his majority.    This would leave intrastate railroads in a position where they would be compelled to pay for the loss of such services, while interstate railroads would be exempt therefrom.    The right of a parent to recover for the loss of services of his minor child, due to the negligence of a third person, existed at common law.    29 Cyc., 1637.

We think parents are not deprived of that right by the Federal Employers' Liability Act and that there is nothing in the act inconsistent with plaintiff's right of recovery.    We find but one case which seems to be directly in point: *Tonsellito v. N. Y. Cent. R. Co.*, (N. J.) 94 Atl., 804.    In that case, there were two appeals tried together, involving but one

question. The first appeal presented the question as to the injury of a minor son 17 years of age, and the other, the resulting injury to the father by reason of the boy's fatality. The holding of the court was that the son and the railway were engaged in interstate commerce at the time of the accident. As to the claim of the father, who recovered a verdict, and as to his right to recover, the court said:

"The defendant contends that the Federal Statute concedes no such right of action in the father, and limits recovery to the personal representative only in case of death for the benefit of next of kin. But we do not construe the Federal Act as repealing, either expressly or impliedly, the father's right of action as it existed at common law. It purports to deal only with cases involving the death of the employe, and, in the absence of an intent clearly expressed or necessarily implied that Congress intended to take away by this corrective or remedial act the legal status of third parties as fixed by the immemorial rules of the common law, we must assume that such legal rights still subsist unimpaired. The rule of construction is: 'That an affirmative statute giving a new right does not of itself and of necessity destroy a previously existing right.' Broom's Legal Maxims, 508; *O'Flaherty v. McDowell*, 6 H. L. Cas. 157. And so it is held that statutes which take away, change, or diminish fundamental rights, statutory remedies for rights unknown to the common law, and statutes which provide new and extraordinary remedies must be strictly construed, both as to the cases mentioned within their terms and as to methods to be pursued. 36 Cyc. 1188, and cases cited."

We think the decision in that case is sound, and are inclined to adopt and follow the holding. It follows, then, that the judgment of the district court must be, and it is, reversed, and the cause is remanded for further proceedings in harmony with this opinion.—*Reversed.*

DEEMER, C. J., WEAVER and EVANS, JJ., concur.